FILED
JUL 26 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEAVON Z. REEVES,

   Plaintiff,

v.              Civil Action No. 10 1257

JUDGE ANN O'REGAN KEARY

   Defendant.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted and the complaint will be dismissed.

It appears that The Hon. Ann O'Regan Keary, Associate Judge of the Superior Court of the District of Columbia, presided over plaintiff's criminal case, and that, upon his conviction, she imposed a sentence of two years' probation, a punishment he contends falls "outside of the sentencing guidelines for two misdemeanor's [sic] assault and attempt[ed] possession of a dangerous weapon." Compl. at 5; *see id.* at 6. Plaintiff alleges that Judge Keary violated his constitutional rights, and he asks that the criminal cases be "removed from [his] records and that Judge . . . Keary [be] bar[r]ed from every having contact with [him] again for any reason." *Id.* at 6.

Judge Keary enjoys absolute immunity from liability for damages for acts committed within her judicial jurisdiction. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). The prosecution of plaintiff's criminal case falls within her jurisdiction, as the Superior Court has jurisdiction over criminal cases under any law applicable exclusively to the District of Columbia. *See* D.C. Code § 11-923. Furthermore, a civil action in federal court against the sentencing judge is not the

proper method for pursuing a challenge to his sentence. Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a).

The Court will dismiss this action because the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). An Order consistent with this Memorandum Opinion is issued separately.

DATE: July 10, 2013

/s/ Colleen Kollar-Kotelly
United States District Judge